1 | **LAQUER URBAN CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
2 |   Email: Lovelace@luch.com
Mana F. Bolourchi, State Bar No. 228138
3 |   Email: mana@luch.com
225 South Lake Avenue, Suite 200
4 | Pasadena, California 91101-3030
Telephone: (626) 449-1882 / Facsimile: (626) 449-1958
5 |
6 | Counsel for Plaintiffs, Trustees of the Southern California
IBEW-NECA Pension Plan, et al.
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10 |
11 | TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND, TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST FUND, TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND, TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND, TRUSTEES OF SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE, TRUSTEES OF THE NATIONAL NECA-IBEW LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND, CONTRACT COMPLIANCE FUND, and LOS ANGELES ELECTRICAL WORKERS CREDIT UNION,

      Plaintiffs,

v.

CASE NO.:  2:19-cv-908

**COMPLAINT FOR:**

1. **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS; and**

2. **VIOLATION OF § 515 OF ERISA [29 U.S.C. §1132(e)(1)]**

1314902

1
**COMPLAINT**

GEM CONTRACTORS GROUP INC., a California corporation,

Defendant.

Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund, Trustees of Southern California IBEW-NECA Labor-Management Cooperation Committee, Trustees of the National NECA-IBEW Labor-Management Cooperation Committee Trust Fund, Contract Compliance Fund, and Los Angeles Electrical Workers Credit Union complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA [29 U.S.C. §1132(f)].

2. This Court also has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)], and Section 301(a) of the LMRA [29 U.S.C. §185(a)], in that this is the district in which the Plaintiff trust funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5. Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund ("NEBF"), Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee ("So. Cal. LMCC"), and Trustees of the National NECA-IBEW Labor-Management Cooperation Committee Trust Fund ("National LMCC") are the Trustees of express trusts ("Trusts") created pursuant to written Declarations of Trust ("Trust Agreements").  Except for the NEBF and National LMCC, the Trust Agreements are between various chapters of the International Brotherhood of Electrical Workers ("IBEW"), including Local No. 11, and various chapters, including the Los Angeles chapter, of the National Electrical Contractors Association ("NECA"), an employer association in the electrical industry in Southern California.  For the NEBF and the National LMCC, the Trust Agreements are between the National Union of IBEW and the National NECA.  The Trusts are now, and were at all times material to this action, Labor-Management multiemployer trusts created and maintained pursuant to §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), except for the So. Cal. LMCC and the National LMCC, which are Trusts created and maintained pursuant to the Labor-Management Relations Act of 1947, as amended, and the Labor-Management

Cooperation Act of 1975. Plaintiffs, as Trustees of the express Trusts (except for the Trustees of the So. Cal. LMCC and the National LMCC), are "fiduciar[ies]" with respect to the Trusts as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)]. The Trusts are administered by the Trustees of the Trusts in Los Angeles County. Plaintiff, Los Angeles Electrical Workers Credit Union, is a state chartered credit union that collects employee authorized vacation payments pursuant to collective bargaining agreements entered into by Local No. 11 of the IBEW ("Local 11"). Plaintiff, Contract Compliance Fund, is administered by NECA and collects industry advancement funds pursuant to various collective bargaining agreements entered into by various local unions of the IBEW and various chapters of NECA. Collectively, all Plaintiffs are referred to herein as the "Plaintiffs."

6. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, defendant GEM Contractors Group Inc. ("Defendant") was and is a California corporation with its principal place of business in Los Angeles, California.

**BARGAINING AGREEMENTS AND STATUS OF PARTIES**

7. Plaintiffs are informed and believe, and thereon allege, that on or about June 12, 2018, Defendant signed two (2) written subscription agreements (collectively, the "Subscription Agreements") whereby Defendant agreed to be bound by the terms of a collective bargaining agreement known as the Inside Wiremen's Agreement between the Los Angeles County Chapter of NECA and Local 11 ("Master Agreement"), for work performed on a Norwalk-La Mirada Unified School District construction project known as Modernization of Admin/MPR at Gardenhill & Hutchinson, PN#237420 ("Norwalk-La Mirada Project").

8. Pursuant to the terms of the Subscription Agreements, Defendant expressly agreed to be bound by the written terms of the Trust Agreements.

9. Plaintiffs are informed and believe, and thereon allege, that in or after June 2018, Defendant began performing work on the Norwalk-La Mirada Project and ///

that the work performed by Defendant on the Norwalk-La Mirada Project was covered by the Master Agreement.

10.  Plaintiffs are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreements are incorporated by reference into the Master Agreement, and/or that Defendant is otherwise bound to the Trust Agreements.

11.  Plaintiffs are informed and believe, and thereon allege, that Defendant is an "employer" as that term is defined in the Master Agreement and/or related Trust Agreements.

12.  Plaintiffs are informed and believe, and thereon allege, that Defendant is an *"employer"* as defined and used in Section 3(5) of ERISA [29 U.S.C. §1002(5)], and, therefore, Defendant is *"obligated to make contributions to a multiemployer plan"* within the meaning of Section 515 of ERISA [29 U.S.C. §1145]. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an *"employer"* engaged in *"commerce"* in an *"industry affecting commerce,"* as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1) and 142(3)], and within the meaning and use of Section 301(a) of the LMRA [29 U.S.C. §185(a)].

## FIRST CLAIM FOR RELIEF

*Breach of Written Collective Bargaining Agreement and*

*Related Trust Agreements By All Plaintiffs Against Defendant*

13.  Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 12, above.

14.  Plaintiffs are informed and believe, and thereon allege, that by the terms and provisions of the Master Agreement and/or related Trust Agreements, and at all times material herein, Defendant agreed, and is and was obligated, to the following:

   14.1.  Report to Plaintiffs fringe benefit contributions and other amounts due regarding its employees covered by the terms the Master Agreement and related Trust Agreements.

14.2. Make payments to Plaintiffs at the appropriate hourly rates for all employees covered by the terms of the Master Agreement and related Trust Agreements.

14.3. Prepare and submit completed contribution reporting forms ("Monthly Reports") to Plaintiffs, on a monthly basis, which provide the information needed in order to accurately assess the amount of contributions and other amounts due and payable by Defendant to Plaintiffs.

14.4. Prepare and submit completed Monthly Reports, along with the appropriate payments, to Plaintiffs on or before the 15th date of the calendar month following the month in which the contributions and other amounts accrued. If Plaintiffs do not receive Monthly Reports and remittances by the 15th day of the month, Defendant shall be deemed delinquent.

14.5. Permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid pursuant to the Master Agreement and related Trust Agreements.

15.  Plaintiffs are informed and believe, and thereon allege, that from July 2018 through present, Defendant has breached the Master Agreement and/or the related Trust Agreements by failing to pay or timely pay to Plaintiffs fringe benefit contributions and/or other amounts due as required by the Master Agreement and/or related Trust Agreements. Defendant currently owes Plaintiffs unpaid fringe benefit contributions of at least $112,861.86 based on Monthly Reports prepared by Defendant and submitted to Plaintiffs related to work performed on the Norwalk-La Mirada Project during the months of October 2018 through December 2018.

16.  Plaintiffs are informed and believe, and thereon allege, that on an ongoing basis, Defendant will and has continued to fail to pay to Plaintiffs the required fringe benefit contributions and other amounts owed. The amount of the

///

additional unpaid contributions and other amounts owed will be established by proof at the trial herein.

17. As of the date of filing this Complaint, Defendant is "delinquent," as that term is used in the Master Agreement and/or related Trust Agreements.

18. Pursuant to the Master Agreement, related Trust Agreements, and/or §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], Defendant is obligated to pay to Plaintiffs liquidated damages for the detriment caused by the failure of Defendant to pay fringe benefit contributions and other amounts owed to Plaintiffs in a timely manner. Plaintiffs are informed and believe, and thereon allege, that liquidated damages are due and payable from Defendant to Plaintiffs related to work performed during the time period of June 2018, to the present in an amount that will be established by proof at the trial herein.

19. Plaintiffs are informed and believe, and thereon allege, that Defendant has failed to pay certain additional amounts of liquidated damages in amounts not presently known to Plaintiffs, and these additional amounts will be established by proof at the trial herein.

20. Pursuant to the Master Agreement, related Trust Agreements, and/or §502(g)(2) of ERISA, [29 U.S.C. §1132(g)(2)], Defendant owes Plaintiffs interest on all unpaid fringe benefit contributions and related amounts from the dates the sums were originally due to Plaintiffs to the date of judgment and post-judgment. The amount of interest will be established by proof at trial.

21. By the Master Agreement, Trust Agreements and/or Section 502(g)(2) of ERISA, [29 U.S.C. §1132(g)(2)], Defendant is obligated to pay all legal and auditing costs in connection with any delinquency, whether incurred before or after litigation is or was commenced.

22. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and other amounts, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith. The exact amount of the

legal fees due and payable has not been ascertained at this time. It may also be necessary for Plaintiffs to incur audit costs for the purpose of collecting the amounts owed by Defendant. The exact amount of said audit costs has not been ascertained at this time. These amounts shall be established by proof at trial.

23. Pursuant to §502(g)(2)of ERISA, [29 U.S.C. §1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs request the Court to:

23.1. Order Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to Plaintiffs;

23.2. Order Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

23.3. Order the creation of a constructive trust for the full amount determined to be due Plaintiffs on all applicable property of Defendant, and order the transfer of the applicable property to Plaintiffs; and

23.4. Order Defendant, its representatives, agents and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

24. Plaintiffs are also seeking injunctive relief, including but not limited to a temporary restraining order, preliminary injunction and/or permanent injunction:

24.1. Ordering Defendant to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts owed to Plaintiffs on an ongoing basis;

///

24.2. Enjoining Defendant from continuing to violate its duties under ERISA (by failing to remit the appropriate fringe benefit contributions and other amounts owed to Plaintiffs on an ongoing basis);

24.3. Enjoining Defendant from employing employees covered under the Master Agreement and related Trust Agreements without properly reporting and remitting to Plaintiffs the amounts owed to Plaintiffs pursuant to those agreements; and

24.4. Ordering Defendant to permit Plaintiffs' auditor access to the wage and payroll books and records of Defendant in order to permit Plaintiffs to verify the precise amounts owed by Defendant to Plaintiffs.

## SECOND CLAIM FOR RELIEF

*Violation of §515 of ERISA [29 U.S.C. §1145]*

*By All Plaintiffs Against Defendant*

25. Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 24, inclusive of sub-paragraphs, above.

26. §515 of ERISA [29 U.S.C. §1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

27. Defendant is an *"employer"* as defined and used in §3(5) of ERISA, 29 U.S.C. §1002(5), and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of §515 of ERISA [29 U.S.C. §1145].

28. Plaintiffs are informed and believe, and thereon allege, that Defendant violated its statutorily-mandated obligation to timely pay fringe benefit contributions and other amounts to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that there is due and payable from Defendant the fringe benefit contributions and other amounts set forth in paragraphs 15 and 16, above.

29.     Plaintiffs are informed and believe, and thereon allege, that Defendant failed to timely cure its violation, and has since continued to violate its statutory obligations.

30.     Plaintiffs are informed and believe, and thereon allege, that there is no pending unsatisfied condition subsequent or legal excuse for Defendant's violation of §515 of ERISA [29 U.S.C. §1145].

31.     Pursuant to §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under §6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. §6621.  The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute and owed to Plaintiffs by Defendant has not been ascertained at this time.  These amounts shall be established by proof at the time of trial.

32.     As part of Plaintiffs' judgment, Plaintiffs shall also request the relief set forth in paragraphs 23 through 24, inclusive of sub-paragraphs, above.

## PRAYER

**WHEREFORE**, Plaintiffs pray for judgment as follows:

1.      For unpaid fringe benefit contributions, liquidated damages and other amounts due in amounts proved at the time of trial;

2. For damages for breach of contract in amounts proved at time of trial;

3. For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4. For reasonable attorneys' fees;

5. For costs of suit incurred herein;

6. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

    6.1   An Order directing Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid sums due, whether in whole or in part, of the use of any unpaid amounts owed;

    6.2.   An Order directing Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

    6.3.   An Order for the creation of a constructive trust in favor of Plaintiffs on all applicable property of Defendant, up to the full amount found due by Defendant to Plaintiffs, and an Order for the transfer of the applicable property to Plaintiffs; and

    6.4.   An Order directing Defendant, its representatives, agents and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, and other expenses and damages incurred.

7. For injunctive relief, including but not limited to a temporary restraining order, preliminary injunction and/or permanent injunction:

///

///

7.1   Ordering Defendant to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts due to Plaintiffs on an ongoing basis;

7.2   Enjoining Defendant from continuing to violate its duties under ERISA (by failing to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts due to Plaintiffs on an ongoing basis); and

7.3.   Enjoining Defendant from employing employees covered under the Master Agreement and related Trust Agreements without properly reporting and making the required payments to Plaintiffs.

Dated: February 6, 2019          Respectfully Submitted,

**LAQUER URBAN CLIFFORD & HODGE LLP**

By: /S/ *Mana F. Bolourchi*
MANA F. BOLOURCHI
Counsel for Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, et al.

### WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

Dated: February 6, 2019          **LAQUER URBAN CLIFFORD & HODGE LLP**

By: /S/ *Mana F. Bolourchi*
MANA F. BOLOURCHI
Counsel for Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, et al.